**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ayub Ullah,<br>Petitioner,<br>v.<br>Luis Rosa, Jr.,<br>Respondent. | No. CV-26-03225-PHX-JJT<br>**ORDER** |

Before the Court is the Report and Recommendation (Doc. 11, "R&R") entered by United States Magistrate Judge Deborah M. Fine recommending that the Court deny the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Ayub Ullah and challenging his immigration detention. In the R&R, Judge Fine warned the parties that they "shall have 14 days from the date of service of a copy of this [R&] within which to file specific written objections with the Court," and "failure to file timely objections to the [R&R] may result in the acceptance of [the R&R] by the District Court without further review." (R&R at 9.) Nearly six weeks have passed since entry of the R&R and no party has filed any objection thereto. The Court is therefore empowered to accept the R&R without further review. It nonetheless reviews the matter on its merits. In so doing, the Court concludes Judge Fine's recommendations are based in law and correct in result.

Petitioner entered the United States on March 3, 2025 and was apprehended and detained promptly thereafter, and placed in removal proceedings. An immigration judge ordered him removed January 12, 2026 and his appeal remains pending as of the time of

the R&R's issuance. Petitioner is therefore, and always has been since his entry, deemed an applicant for admission, subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(A) until completion of removal proceedings. He is not entitled to a bond hearing under any constitutional due process right pursuant to, among other case law, the 9th Circuit's recent holding in *Padilla v. United States Immigration and Customs Enforcement et al*, No. 24-2801, ___ F.4th ___, 2026 WL 2822044 (9th Cir., September 21, 2026). As a person apprehended upon entry and then detained in the United States pending a determination of their admissibility, Petitioner does not possess any constitutional right of due process to a detention hearing while his removal proceedings are pending, including during the pending appeal to the BIA. And because his removal order is not final, as Judge Fine also concluded, his *Zadvydas* claim fails as premature.

**IT IS THEREFORE ORDERED** adopting the conclusion and recommendation of the R&R (Doc. 11).

**IT IS FURTHER ORDERED** denying the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1.) The Clerk of Court shall enter judgment for Respondents and close this matter.

Dated this 5th day of October, 2026.

Honorable John J. Tuchi
United States District Judge